# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN JACKSON, | * | |
| Petitioner, | * | Civil Action No. ELH-17-1537 |
| | * | Related Crim. No. BEL-97-246 |
| v | * | |
| UNITED STATES OF AMERICA | * | |
| Respondent. | * | |

## MEMORANDUM

John Jackson has petitioned for a writ of coram nobis pursuant to the All Writs Acts, 28 U.S.C. §1651. ECF 1 ("Petition"). He claims his conviction in *United States v Jackson*, Criminal Action BEL-No. 97-246 (D. Md. 2000), was obtained through the use of false evidence and false testimony. ECF 1 at 6-8. Although Jackson has completed his term of incarceration as well as his term of supervised release, he contends that the "stain" of his conviction is a lifetime handicap that threatens his social standing and employment opportunities. *Id*. at 6.

## I. BACKGROUND

After a jury trial in July and August of 2000, Jackson was convicted of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base. *See United States v. Jackson*, Criminal Action No. BEL-97-246. The court sentenced Jackson on November 17, 2000, to a term of 188 months of imprisonment and five years of supervised release. ECF 141 (Judgment).[1] Thereafter, Jackson noted an appeal to the Fourth Circuit. ECF 142.

---

[1] Unless otherwise noted, when citing to electronic filings (*e.g.*, ECF), the citations pertain to the underlying criminal case, BEL-97-246.

## I. Direct Appeal

The United States Court of Appeals Fourth Circuit rejected Jackson's contention that the evidence was insufficient to convict him. It also rejected Jackson's contention that the government had created a fatal variance between the indictment and proof. The Court affirmed the conviction. *See United States v. Jackson*, 28 Fed. Appx. 291 (4th Cir. 2002); *see also* BEL-97-246, ECF 162; ECF 173. The Supreme Court denied Jackson's petition for a writ of certiorari. *See Jackson v. United States*, 123 S.Ct. 161 (2002).

## II. Motion to Vacate

### A. First Motion to Vacate

On August 28, 2003, Jackson filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. §2255. ECF 174. He claimed, *inter alia*, that the evidence was false and insufficient to sustain his conviction. *See* Civil Action No. BEL-03-2502 (D. Md. 2006).

Specifically, Jackson argued that he was denied due process because the grand jury indicted him on the basis of evidence that proved inaccurate at trial, and but for this "false' testimony, he never would have been indicted. The court found Jackson's claims meritless and denied the motion to vacate on December 27, 2006. ECF 197; ECF 198; *see also Jackson v. United States,* 473 F. Supp. 2d 640, 643 (D. Md. 2006).

In denying the motion to vacate, the Honorable Benson E. Legg described the procedural background of the case. He recounted that on June 27, 1997, a federal grand jury handed down a five-count indictment against Jackson and three codefendants: Eric Batson; James Kane; and Leroy Yuman. Count I charged the defendants with conspiracy to distribute cocaine and cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) & 846. Jackson was not named in Counts II–V, which charged individual acts of distribution. 473 F. Supp. 2d at 642.[4] From June 1999 to

March 2000, Jackson and the government explored a plea bargain and, after the discussions failed, trial was scheduled for July 31, 2000. Judge Legg wrote, 473 F. Supp. 2d at 642:

> As was customary in the District of Maryland and elsewhere, the original indictment did not allege a drug quantity. On June 26, 2000, the Supreme Court handed down its decision in *Apprendi v. New Jersey*. On July 20, 2000, the government obtained a superseding indictment that specified the drug quantity (more than five kilograms of cocaine and fifty grams of crack) attributable to the conspiracy charged in Count I. Other than this addition, and the deletion of the names of the co-conspirators who had pleaded guilty, the superseding indictment was identical to the conspiracy count in the original indictment.[]

Jackson then moved for a continuance, arguing that the government had "broadened" its prosecution. The court heard argument and denied the motion, finding that the superseding indictment did not raise any additional factual or legal issues and that Jackson would not be prejudiced by proceeding to trial as scheduled. *Id*.

In his decision rejecting post conviction relief, Judge Legg ruled that because Jackson did not appeal the issue, he was procedurally barred from raising it in his post conviction petition. Contrary to Jackson's claim that there was new evidence to demonstrate his innocence, Judge Legg found that the "new" evidence consisted of the grand jury transcripts that counsel had used to cross-examine the government's witnesses, and this evidence did not establish Jackson's innocence. *Id*. at 643. Counsel had brought the grand jury testimony to the petit jury's attention, and they nonetheless convicted Jackson. *Id*. Further, Judge Legg noted that, even if Jackson's claim was not procedurally defaulted, it lacked merit because a conviction typically cannot be challenged by attacking the charging instrument, and no exceptions applied. *Id*. at 644 (citing *United States v. Mechanik*, 475 U.S. 66, 73 (1986); *United States v. Higgs*, 353 F.3d 281, 304–07 (4th Cir. 2003)).

3

On January 18, 2007, Jackson filed a motion for reconsideration of the order denying his motion to vacate. ECF 199. It was denied on August 31, 2007. ECF 202. He filed a second motion for reconsideration on September 27, 2007 (ECF 203), which was denied on December 7, 2007. ECF 207.

On January 24, 2008, Jackson filed a notice of appeal to the Fourth Circuit. ECF 208. While the appeal was pending, Jackson filed a motion for reduction of sentence pursuant to 18 U.S.C. §3582(c)(2), based on the retroactive application of the "Crack Amendment" to the United States Sentencing Guidelines. ECF 211. The Fourth Circuit dismissed the appeal based on the pending §3582 motion. ECF 216. On June 18, 2009, the court reduced Jackson's sentence to 151 months, based on the amendment. ECF 236; *see Jackson v. United States*, Civil Action No. BEL-10-51.

### B. Second Motion to Vacate

On January 7, 2010, Jackson filed a second Motion to Vacate, again alleging he was convicted based on "false evidence" in the superseding indicting. ECF 238; *see also Jackson v. United States*, Civil Action No. BEL-10-51, ECF 3; ECF 4. The motion was dismissed on March 25, 2010, without prejudice, for lack of jurisdiction. BEL-97-0246, ECF 245; ECF 246.

### C. Third Motion to Vacate

On March 8, 2011, Jackson filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6). ECF 247. The court treated it as a successive motion to vacate. ECF 248. In that motion, Jackson claimed the evidence presented to the grand jury was fictitious and denied him due process. *See United States v Jackson*, Civil Action No. BEL-11-642 (D. Md. 2011). On March 22, 2010, the court dismissed the motion, without prejudice, for lack of jurisdiction. ECF 250; *see also* ECF 249. Jackson noted an appeal. ECF 251. On July 25, 2011, the Fourth

4

Circuit denied a certificate of appealability. ECF 256. The mandate issued on September 16, 2011. ECF 257.

## II. DISCUSSION

A coram nobis petition is a collateral proceeding through which a court may correct fundamental errors in a prior final judgment. *United States v. Morgan*, 346 U.S. 502, 511 (1954). This writ is used where "no other remedy may be available" and there is "error of the most fundamental character." *United States v. Mandel*, 862 F.2d, 1067, 1075 (4th Cir. 1988). In situations where, as here, a petitioner has completed the sentence at issue, a federal court may grant relief from a conviction by way of coram nobis. *See* 28 U.S.C. § 1651 (2006); *Morgan*, 346 U.S. at 512-13.

Coram nobis is available only to remedy "factual errors material to the validity and regularity of the legal proceeding itself." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotation marks omitted). The Supreme Court has observed that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." *Id.* at 429.

To be entitled to coram nobis relief, a petitioner must satisfy four requirements: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States v. Akinsade*, 686 F.3d 248, 252 (4th. Cir. 2012) (citing *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)).

Jackson has met the first requirement because he cannot seek relief under the typical remedies for a direct or collateral attack of a federal judgment and sentence, in that he is no

longer in custody. *See* 28 U.S.C. § 2255; 28 U.S.C. § 2241; *see also Akinsade,* 686 F.3d. at 484. The second requirement does not apply, because Jackson challenged his conviction on direct appeal and on collateral review, and his claims were denied on the merits.

As to the third requirement, Jackson has failed to demonstrate that alleged threats to social status or career development constitute adverse consequences sufficient to satisfy the case or controversy requirement of Article III. Harm to reputation is insufficient to demonstrate continuing adverse legal consequence. *United States v. National Plastikwear Fashions, Inc*., 368 F.2d 845 (2d Cir. 1966) (per curiam) (stating that "desire to be rid of the stigma" is not enough); *see United States v. Liffiton,* 159 F.3d 1349 (2d Cir. 1998) (unpublished) ("Reputational harm, standing alone, does not satisfy the continuing legal consequences requirement for obtaining coram nobis relief."); *United States v. Osser*, 864 F.2d 1056, 1060 (3d Cir. 1988) ("Damage to reputation is not enough."). And, purely speculative employment harm is not cognizable for purposes of coram nobis relief. *See Fleming v. United States*, 146 F.3d 88, 91 (2d Cir. 1998) (stating that inability to find employment was purely speculative and insufficient for coram nobis relief when petitioner did not show that he had sought employment).

Last, even if the alleged error were considered as fundamental, a writ of error coram nobis may not be used to relitigate a matter previously raised by petitioner and adjudicated. *See*, *e.g.*, *United States ex rel. Bogish v. Tees*, 211 F.2d 69, 72 (3rd Cir. 1954) (noting claims attacking the competency of the evidence were fully considered on appeal, rejected, and involved no questions so fundamental that they may be raised on a writ of coram nobis); *Roberts v. United States,* 158 F.2d 150, 151 (4th Cir. 1946); *United States v Lee*, No. 5:89 CR 237, 2013 WL 4591220, at *2 (N.D. W.Va. August 28, 2013). Jackson's claim that he was indicted based on

6

false evidence was considered and rejected on the merits on direct appeal and collateral review. Coram nobis is unavailable to relitigate the claim.

For these reasons, I shall deny the Petition. And, I decline to issue a certificate of appealability. This is because reasonable jurists would not debate whether the Petition states a valid claim as to the denial of a constitutional right or the court's procedural rulings with respect to petitioner's claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017).

A separate Order follows.


<u>June 14, 2017</u>  _____/s/_____
Date  Ellen L. Hollander
 United States District Judge